UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 8:20-cr-120-WFJ-JSS

STEVEN CHUN, and
DANIEL TONDRE

### UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 404(b)

The United States of America hereby notifies this Honorable Court and the defendants that it intends to introduce evidence, pursuant to Fed. R. Evid. 404(b), of other crimes, wrongs, or acts that the defendants committed before, during, and/or after the date of the offenses alleged in the Indictment, some of which it believes is intrinsic to, and/or inextricably intertwined with evidence relating to, the charged offenses, but out of an abundance of caution, are included in this notice. To wit, the United States intends to introduce evidence of the following:

a) Other Insys speaker program events and related records (*i.e.*, e-mail communications, stipulated text messaging, etc.) that include false, forged, fraudulent or otherwise altered sign-in sheets, that are not specifically listed as an overt act and/or in a substantive count.[1] Some of the names and signatures of individuals for these other purported events, are also forged, false and/or

---

[1] The government submits this is not 404(b) evidence, but these events (and the forged and/or fraudulent sign-in sheets for these events) are intertwined with and part of the charged conspiracy because the total amount of money paid to Chun for ALL purported speaker events (nearly 100 events), training and related travel (over $275,000 in total) is considered the bribe, or kickback from Insys to induce Chun to prescribe Subsys.

otherwise fraudulent for multiple events, not just the charged events. Individuals who identified forged, fraudulent or otherwise altered sign-in sheets (and individual(s) who assisted with them) are expected to testify at trial. For example, one purported attendee, whose signature appears as a purported attendee for two of the listed overt act speaker events, is a clear replication used for three other speaker events, for a total of five speaker events that the attendee will testify he did not attend. Another individual, a credentialed Insys speaker physician, for whom defendant Tondre was also the assigned sales representative, is purported to have attended more than 30 Chun speaker events, including some the same night the other Insys speaker is speaking at his own event in a different city. Some Insys speaker program events for Tondre's other local Insys speaker physician are also part of the charged conduct because defendant Tondre used some of the same forged sign-in sheets that were used (in whole or in part) at his events were also used as purported attendees at Chun speaker events. In the event that any of these other speaker events would be considered as 404(b) evidence, the United States intends to use this evidence to show the defendants' motives, intent, knowledge, absence of mistake, or lack of accident.

b) As to defendant Chun, the following issues may arise depending upon the theory of defense. In a prior False Claims Act case against Steven Chun and Sarasota Pain Associates for upcoding pain pump refills, that was settled in February 2014, Chun 1) entered into a compliance agreement; 2) co-owned the pain pump company (with another individual); and 3) said specific words and phrases to agents at the execution of the search warrant at his office on February 15, 2011, reflecting how insignificant he believed any charges relating to the Medicare billing were and how he would handle them. The United States intends to use the first category of evidence listed in #1 to show defendant's knowledge, absence of mistake or lack of accident. The United States intends to use the evidence listed in #2 to show defendant's financial motive (with respect to his patient base), and intent and knowledge. Finally, the United States intends to use the evidence listed in #3 (and the others too) should defendant testify, and to show motive, absence of mistake, lack of accident, and knowledge. As it relates to #3, it should be noted that defendant Chun spoke with several reporters denying the kickbacks at issue in this case after he knew he was being investigated. These areas are most likely to arise in cross examination should defendant testify as it relates to a number of issues— motive, credibility, impeachment, lack of mistake and knowledge..

c) As alleged in the Indictment, in addition to being paid by Insys for purported speaker events, defendant Chun was also paid in excess of $330,000 as a "consultant" by Pharmacist 1, who owns a pharmacy located approximately 15 miles from Chun's office, where most of Chun's patients' Schedule II

controlled substance prescriptions, including Subsys, were filled. There are nearly 50 sign-in sheets submitted to Insys[2] for Pharmacist 1's purported attendance at Chun's speaker events. This conduct is part of the charged conspiracy, and the government intends to present this evidence in its case-in-chief. Consistent with the government's contention that the charged conspiracy involves a financial motive and/or greed, defendant Chun also co-owned, invested and/or was paid money from, a urine screening companies (also with the same individual with whom he co-owned the pain pump company) where urine screens for his patients were referred. This 404(b) evidence is likely to arise in cross examination should defendant testify and depending upon the theory of defense, may be relevant to a number of issues—motive, credibility, impeachment, and knowledge/lack of mistake

D) Evidence was presented as to defendant Chun's use of Schedule II controlled substances at the trial of *United States v Gurry et al.*[3] It was admitted through Chun's former girlfriend when the presiding judge deemed that the proverbial "door was opened" when defense counsel attempted to boost Chun's expertise and credentials as a doctor through her testimony. There are also prescription records establishing Schedule II controlled substances prescribed to both defendants. These issues could also arise in cross examination should defendant(s) testify, depending upon the theory(s) of defense, as it relates to a number of issues—motive, credibility, impeachment, and knowledge. Relatedly, there are Schedule II controlled substance prescriptions written by Chun to his family members, his then-girlfriend, and to his co-defendant, Dan Tondre, including a Fentora prescription, which could be relevant for the same reasons.

The United States reserves the right to use any of the listed evidence for rebuttal or impeachment purposes should the need arise. Nothing in this notice is intended to waive any other argument the United States may have regarding the

---

[2] This reference also includes third party contractors employed by Insys, like SciMedica Group and Plan 365, to administer their speaker programs during different time periods.

[3] Chun was considered an unindicted co-conspirator in the *Gurry* trial.

admissibility of the listed evidence, including that such evidence is intrinsic to the charged offense or inextricably intertwined with other evidence in this case.

        Respectfully submitted,

        ROGER B. HANDBERG, III
        United States Attorney

By:   */s/ Kelley C. Hwoard-Allen*
       Kelley C. Howard-Allen
       Assistant United States Attorney
       Florida Bar No.: 0085464
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6103
       E-mail: Kelley.Howard@usdoj.gov

U.S. v. Chun et al.                                    Case No. 8:20-cr-120-WFJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to defense counsel.

                                         */s/ Kelley C. Howard-Allen*
                                         Kelley C. Howard-Allen
                                         Assistant United States Attorney
                                         Florida Bar No.: 08564
                                         400 N. Tampa St., Ste. 3200
                                         Tampa, FL 33602-4798
                                         Telephone: (813) 274-6000
                                         Facsimile: (813) 274-6103
                                         E-mail: Kelley.Howard@usdoj.gov