UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:20-cr-120-WJJ-JSS

STEVEN CHUN ET AL.

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO CONTINUE TRIAL**

The United States (or the "government") hereby submits its response in opposition to Defendants' Motion to Continue Trial (Dkt. 87) as requested by the Court (Dkt. 88). For the reasons set forth below, the Court should deny the Motion and relief requested therein.

**PROCEDURAL BACKGROUND**

This case was initially set for trial in November 2020 (Dkt. 34), after defendants made their initial appearances on September 16, 2020. Dkts. 11, 14. Due to the voluminous discovery and ongoing COVID issues, the defendants filed unopposed motions to continue and waivers of Speedy Trial through December 31, 2021. *See* Dkts. 37–40. Granting the motions, the Court reset the November 2020 trial date to the April 2021 trial term. Dkt. 45. Thereafter, the defendants jointly moved unopposed to continue the trial at the status conference held on January 4, 2021, and the Court continued trial until February 7, 2022. *See* Dkts. 51–53. On November 4, 2021, defendants filed another unopposed motion to continue trial for

three months until May 2022, which the Court granted. Dkt. 59, 60. The government counsel believed that was the final motion to continue in this case, as there was no discussion of scheduling issues beyond Spring 2022, defense counsel had over a year to review discovery, and some of the charged conduct in the case will have now started nearly ten years ago. The defendants now request trial be continued until September 2022, or sometime thereafter, and request a status conference to set a date certain. Dkt. 87 at 5.

## ARGUMENT

There is no good cause for a fourth continuance in this case. In their motion, defendants cite three reasons for their continuance—mainly, scheduling conflicts with other trials, pending pre-trial motions, and discovery provided in January 2022. None of the reasons necessitate sufficient cause for a change in the date certain trial date. This Court set the trial date nearly four months ago, and well in advance of the May 2, 2022, trial date. The Court and counsel are all juggling cases set for trial, and the government contends that additional delay to this date certain is unwarranted.

This Court and the government have an interest in conducting trials promptly, as the public has an interest in the efficient administration of justice. The government has begun trial preparation in earnest, including interviewing witnesses, preparing exhibits, and providing some of the key exhibits to defense counsel as recently as Friday, February 25, 2022. The government anticipates that the trial involves at least 40 government witnesses, not counting business records custodians—some of whom are from out of State and all of whom have made plans based on the May 2, 2022

date certain trial date (after making plans originally for a February 7, 2022 date).[1] At least one of the cooperating witnesses is still serving his sentence (through the end of October), and others are on supervised release, and a further delay in the trial date may affect potential eligibility for any motions regarding cooperation (e.g., Rule 35) in the district where they were sentenced. Accordingly, any delay could prejudice those cooperating defendants.

The government contends that scheduling issues do not necessitate a change in the trial date. Defendant Chun's counsel has no date conflicts outlined in the motion. As to defendant Tondre's counsel, there does not appear to be a conflict and, to the extent there is a conflict, this federal case should take priority over the state cases. Mr. Futerman's April 4, 2022, state trial is scheduled to be complete in no later than three weeks, or April 22, 2022—ten days before the scheduled trial date. Mr. Brunvand's state trial (against James Davis) is scheduled to begin May 9, 2022, and Mr. Brunvand has indicated that he could be excused from the first week of jury selection while his co-counsel attends the trial (i.e., through May 16, 2022). A short delay of a week or two in that trial could alleviate any conflict, and in most cases, a federal trial should take priority. More than likely, with the myriad delays in the state cases cited by Tondre's defense counsel (one of which was cited by counsel in support of the November unopposed motion to continue, *see* Dkt. 59), further delays could occur in those cases that could provide further conflicts should this case be

---

[1] The government is in the process of contacting witnesses to ascertain any future potential conflicts for dates in or after September.

continued for a later date, such as Mr. Brunvand's capital murder trial scheduled for August 9, 2022. As such, the government suggests, if the requested continuance is granted, that this be the final continuance, absent any unforeseen events.

None of the pending defense motions require delay of trial. There are several pending motions (Dkts. 64, 78, 84), which the government submits are best resolved at trial—after the Court has seen the evidence, rather than by pretrial motion in advance of trial. One of the defendants' motions was mooted by the government's superseding indictment (Dkt. 73), as defendants acknowledge in their subsequently filed motion to dismiss (Dkt. 84), which did not broaden or substantially change the charges in the original indictment. Both defendants have waived their re-arraignments and entered not guilty pleas. *See* Dkts. 71–72, 75–77, 82–83.

The additional January 28, 2022, discovery cited in the motion does not warrant a change in the trial date. That discovery was provided in compliance with the continuing discovery obligations imposed upon it by the Court's Pretrial Discovery Order and by Fed. R. Crim. P. 16, as defendants concede (*see* Dkt. 87), and well in advance of trial. The discovery included third party records that were received pursuant to previous subpoenas, documents regarding a deceased patient (*see* the government's position as to those records in Dkt. 80 at n.5), and updated reports of interviews as they are undertaken in preparation for trial. Although the reports of interview are not statements of the witnesses but of the law enforcement agents, the government has continued and will continue to provide these reports to defendants in order to comply with its continuing discovery obligations.

That the government continues to provide defendants with a preview of what government's witnesses are expected to testify about should not be used as a reason by defendants to further continue this trial. The government will continue to provide discovery on an ongoing basis as it receives it. As the defendants have acknowledged, the government has worked extensively with them to provide access to the discovery documents necessary for trial. Even as recently as February 25, 2022, the government provided the specific Bates-stamped numbers of the speaker sign-in sheets from the Insys Therapeutics records produced by the government in its initial discovery production. As the Court is aware, as are the experienced defense counsel, it is normal practice for discovery to continue until the trial date, as additional information is created (e.g., witness reports) and/or received.

## CONCLUSION

Accordingly, the government contends that it has provided sufficient reasons for the Court to deny the defendants' motion to continue (Dkt. 87). However, should the Court grant the motion, the government requests that the trial occur on the

defendants' suggested September trial term, when their listed trial conflicts should be completed, with a date certain of September 6, 2022.

                                      Respectfully submitted,

                                      ROGER B. HANDBERG
                                      United States Attorney

By:   */s/ Kelley C. Howard-Allen*
       Kelley C. Howard-Allen
       Assistant United States Attorney
       Florida Bar No.: 0085464
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       E-mail: Kelley.Howard@usdoj.gov

U.S. v. Chun et al.                                          Case No. 8:20-cr-120-WJJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Mark P. Rankin, Esquire
>Nicole Waid, Esquire
>Roger Futerman, Esquire
>Bjorn Brunvand, Esquire

>By:   */s/ Kelley C. Howard-Allen*
>Kelley C. Howard-Allen
>Assistant United States Attorney
>Florida Bar No.: 0085464
>400 N. Tampa St., Ste. 3200
>Tampa, FL 33602-4798
>Telephone: (813) 274-6000
>Facsimile: (813) 274-6358
>E-mail: Kelley.Howard@usdoj.gov