UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-120-WFJ-JSS

STEVEN CHUN ET AL.

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE
DEFENDANT'S EXPERT WITNESS TESTIMONY**

The United States respectfully moves for an order *in limine* to preclude the Defendant from presenting the proposed expert opinion testimony of Dr. Christopher Gharibo.

**I.   Introduction**

The Defendant's notice of the proffered expert testimony of Dr. Gharibo, attached as Exhibit 1, does not comply with the disclosure requirements of Fed. R. Crim. P. 16(b)(1)(C) because it fails to include a summary of the witness's opinions or the bases and reasons for those opinions. Further, there has been no showing that Dr. Gharibo conducted any analysis or evaluation of any evidence in this case or that his methods and procedures were valid and reliable as a basis for any expert opinion testimony.

Additionally, the testimony Defendant anticipates eliciting through Dr. Gharibo regarding general industry practice and insurance coverage for off-label prescriptions is irrelevant under Fed. R. Evid. 401 to any issue in this case because it

would not be helpful to the jury to understand the evidence and decide the facts in issue. Such testimony should also be excluded pursuant to Fed. R. Evid. 403 because its limited probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, or wasting time.

## II.  Factual Background

In a letter dated March 11, 2022, attorneys for Defendant Chun notified the government that they intended to call Dr. Donato Borrillo as an expert witness at trial. The letter failed to set forth the actual opinions to be elicited from the witness, but did describe five broad subject areas about which Dr. Borrillo "may" testify: (1) Prescriptions and dosage; (2) Pain management; (3) Fentanyl Products; (4) Pre-authorizations; and (5) Speaker Presentations.

In a letter dated March 16, 2022, counsel for the government requested that defense counsel provide information on Dr. Borrillo's opinions and the bases for those opinions, as required under Fed. R. Crim. P. 16(b)(1)(C), and advised defense counsel that, in any event, they did not believe Dr. Borrillo was qualified as an expert because he lacked experience with Subsys, other fentanyl, or TIRF drugs.

On March 30, 2022, the parties met and conferred via teleconference regarding Defendant's proposed expert testimony, and counsel for the government again requested detail on the expert's opinions, as required under Rule 16. Further, counsel for the government repeated—as has been stressed in numerous prior meetings regarding this case—that medical necessity is not an issue in this case and

that the government does not intend to introduce medical records for specific patients.

In a letter dated April 1, 2022 (attached hereto as Exhibit 1), attorneys for Defendant Chun notified the government that they intend to call Dr. Christopher Gharibo instead of Dr. Borrillo regarding the same five broad subject areas original proffered for Dr. Borrillo, as follows:

1. Prescriptions and dosage, including rebuttal testimony, if the Government introduces patient files (which it does not intend to do), that in the expert's medical opinion, after review of patient records, the suggested Subsys dosage amounts were medically necessary;

2. Pain management, including testimony regarding the "ramifications of chronic pain and opioid intolerance," and doctors' ability to write off-label prescriptions;

3. Fentanyl Products, including the differences between the various fentanyl products on the market; and

4. Pre-authorizations, including the pre-authorization process and the use of vouchers for new pharmaceutical products; and

5. Speaker Presentations, including the "common practice of physician speaker presentations to promote new products in the pharmaceutical industry."

Again, Defendant's notice <u>fails to identify any specific opinions</u> formulated by Dr. Gharibo or the basis for any opinion that is relevant to the issues in this case, as required by Rule 16. Within the entire four-page letter, there are only two "purported" opinions of Dr. Gharibo, phrased as "in his professional medical opinion" that:

3

- "physicians are allowed to write off-label prescriptions that are necessary to a patient's medical treatment plan"; and

- "certain fentanyl products may be more beneficial to a patient's medical care based upon the patient's medical record, including certain side effects and/or medical history."

Exhibit 1 at 3. Neither of these purported opinions are actually opinions at all, nor do they set forth any basis for the assertion, as required by Rule 16. Really, they are undisputed statements of fact that require no expert opinion. The first one is not relevant to the charged crimes, and the second one is not relevant unless a specific patient testifies or the government introduces medical records, which the government does not intend to do. But most significantly, Defendant's notice <u>fails to identify any specific opinions</u> formulated by the witness or the basis for any opinion that is relevant to the issues in this case. In fact, the proffer states "Dr. Gharibo has not reviewed any medical records and has not created any reports." *Id.* at 3.

Instead of outlining Dr. Gharibo's opinions, defense counsel spent the bulk of the letter detailing their understanding of why they believe that, despite the government's repeated assertions to the contrary, medical necessity of Dr. Chun's prescriptions is an issue at trial. In short, defense counsel suggests that Dr. Gharibo would discuss such a topic "generally" and "*if individual patient records are introduced or discussed at trial* to suggest improper dosage in exchange for money, Dr. Gharibo may be asked to review the patient records for medical necessity as a rebuttal witness. He may testify to his findings." Exhibit 1 at 3 (emphasis added). Because the

4

government does not intend to introduce or discuss medical records for specific patients at trial, the condition for the proposed rebuttal testimony will not occur, eliminating any need for this testimony.

The proffer also continues with broad general statements of topics that Dr. Gharibo may "explain" or "clarify" like "off-label prescriptions can qualify for [insurance] coverage in certain circumstances," or there are differences "between a drug's indication for medical use and the qualification of that same drug for insurance coverage." Exhibit 1 at 3. Neither of these topics have any bearing on or relevance to this case, given that the allegations are a kickback conspiracy, which is limited to Medicare beneficiaries. Because Medicare only reimburses for a medically accepted indication, there is no off-label use for Medicare patients. The fact that some non-Medicare insurance may cover off-label prescriptions in other contexts is wholly irrelevant to this case.

### III.  Argument

The Eleventh Circuit has stated that Federal Rule of Evidence 702 is the "starting point" for an analysis of the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable

>principles and methods, and (3) the witness has applied the
>principles and methods reliably to the facts of the case.

To implement Rule 702, the Supreme Court requires the district court to perform the critical "gatekeeping" function concerning the admissibility of both scientific and technical evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n.7 (1993); and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The Eleventh Circuit has emphasized the importance of the trial court's analysis of expert testimony because "no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case, and based upon otherwise inadmissible hearsay if the facts or data are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'" *Frazier*, 387 F.3d at 1260 (quoting Fed. R. Evid. 703). In other words, an expert's testimony can be "both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595.

To determine the admissibility of expert testimony, the Court must conduct a "rigorous three-part inquiry" to consider whether:

>1) the expert is qualified to testify competently regarding the matters he intends to address;
>
>2) the methodology by which the expert reaches his conclusions is sufficiently reliable, as determined by the sort of inquiry mandated in *Daubert*;[1] and

---

[1] The Supreme Court has suggested a non-exclusive and flexible list of factors for reliability, including: (1) whether the technique or theory can be tested; (2) whether the technique or theory has been subjected to peer review and publication; (3) the known or potential error rate of the technique or theory; and (4) whether the

> 3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F. 3d at 1260. As the proponent of the expert, the Defendant bears burden of establishing these three basic requirements. *See id.*; *Cook ex rel. Estate of Tessler v. Sheriff of Monroe Cty*, 402 F.3d 1092, 1107 (11th Cir. 2005). The government does not dispute that Dr. Gharibo is "qualified to testify competently," but the Defendant has not met his burden with respect to the other two prongs.

The Court should only admit expert testimony that will "assist[] the trier of fact." *Frazier*, 387 F. 3d at 1260. As the Supreme Court explained in *Daubert*, this condition of Rule 702 "goes primarily to relevance." 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and ergo, non-helpful."). The Court must determine whether expert testimony is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.* Even a reliable opinion expressed by a genuinely qualified expert may not be deemed "helpful" to the jury if it is not relevant to a fact at issue. *Quiet Tech.*, 326 F.3d at 1341.

Moreover, because of the "powerful and potentially misleading effect of expert evidence," otherwise admissible expert testimony may still be excluded under Fed. R. Evid 403. *Frazier*, 387 F.3d at 1263. "Simply put, expert testimony may be

---

technique or theory has general acceptance within the relevant scientific community. *Daubert,* 509 U.S. at 592–94.

assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *Id.*

### A.  Defendant's Notice of Proposed Expert Testimony Does Not Adequately Set Forth the Witness's Opinions or the Bases and Reasons for Those Opinions as Required by Rule 16

Fed. Rule Crim. P. 16(b)(1)(C) requires the defendant who plans to introduce expert testimony to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The April 1, 2022, proffer letter from Defendant Chun fails to set forth with any specificity the opinions Dr. Gharibo will offer before the jury. The letter is merely a list of general topics that *may* be discussed—or not. There is no instance in which the summary states what Dr. Gharibo's actual <u>opinions</u> will be on any particular topic, or the <u>bases</u> and <u>reasons</u> for those opinions. This appears to be a thinly-veiled attempt to introduce the Defendant's own version of events, under the guise of "expert testimony," or present its theory of the case through general testimony of an expert who reviewed no material and can offer no substantive opinion or bases for such as required under Rule 16. Thus, the proffered testimony "offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262. Without specificity on the opinions, the Court cannot conclude that the proposed expert testimony "assists the trier of fact," and thus it should be excluded. *Id.* at 1260.

Defendant's proffer notice speaks to what general subject areas Dr. Gharibo may discuss. For example, defense counsel explains that he may testify "generally"

regarding titration of prescription medicine and administration of fentanyl drugs for pain management. *See* Exhibit 1 at 4. But the purpose of an expert witness is not to discuss anything "generally" or to waste the Court's, or the jury's, time on general information. It should also be noted that, as of this date, the defense has yet to provide any description or list of documents or material provided to Dr. Gharibo for his review and consideration in forming his opinions, despite the government's express request for such information. Defense counsel reported that they have no reciprocal discovery at this time, including with respect to their expert, Dr. Gharibo.

       The disclosure requirements of Rule 16 are frustrated if the Defendant does not clearly state the opinions of the expert witness, and the bases for those opinions. Neither the government nor the Court can evaluate the admissibility of purported "opinions" unless they are clearly set forth prior to trial. Therefore, the government requests the Court to exclude the testimony of Dr. Gharibo because the defendant has failed to comply with the disclosure requirements of Rule 16.

       **B.**    **The Court Should Exclude Dr. Gharibo's Testimony Regarding Industry Practice**

       Defendant's proffer appears to suggest that Dr. Gharibo may testify, again with no specific opinion or basis, regarding general industry practice, including the specialized practice of pain management, the prior authorization process, and the "common practice" of physician speaker presentations. Exhibit 1 at 3–4. Such general testimony regarding industry practice will not aid the jury in determining the specific issues in this case and would serve only to distract and confuse the jury.

Thus, whatever marginal relevance such general information has, this Court should exclude the testimony under Rule 403.

In *United States v. Brooks*, 681 F.3d 678, 709 (5th Cir. 2012), the Fifth Circuit addressed a similar issue and affirmed the district court's exclusion of evidence related to "industry practice." In that case, the defendants, all former energy company employees, were charged with commodities fraud and wire fraud for sending false information about natural gas prices to trade magazines in an effort to manipulate price indices, which would, in turn, affect the market and benefit the company's financial position. *Id.* at 684–85. The defendants attempted to offer industry practice evidence to support a good faith defense by showing that other energy companies also submitted similar false data. *Id.* at 709. The court held that the "industry practice evidence" the defendants offered had "little or no bearing" on whether the defendants themselves had acted with fraudulent intent. Moreover, the court held that "this unrelated information posed a threat of confusing the jury and detracting from relevant information about the conduct of the actual parties." *Id.* It was therefore not an abuse of discretion for the court to exclude the testimony under Rule 403. *Id.*

Similarly, in this case, it is anticipated that Defendant Chun will introduce testimony from Dr. Gharibo that other doctors in the industry performed similar to him in an effort to show that Defendant Chun is a good and normal doctor, and testimony about how speaker events are generally run to show that Chun was a good speaker and/or attended normal speaker events (run by his Co-Defendant Tondre).

10

Overall Dr. Gharibo's testimony appears to be designed to distract the jury from the "relevant information about the conduct of the actual parties"—whether Defendants Chun and Tondre conspired to solicit and receive, and offer and pay, kickbacks in exchange for increased Subsys prescribing.

    **C.**    **The Court Should Exclude Dr. Gharibo's Testimony Regarding Insurance Coverage of Off-Label Drugs**

This Court should exclude any expert testimony regarding insurance coverage of off-label prescription. Exhibit 1 at 3. The Defendant's April 1, 2022, letter fails to set forth the actual opinions to be elicited from the expert witness (as required by Rule 16) on this issue, but whatever Dr. Gharibo's specific opinions on this issue, such expert testimony is not relevant to this case and is inadmissible under Fed. R. Evid. 401 and 402.

This case is limited to Medicare beneficiaries—a subset of Chun's overall patients. *See* 42 U.S.C. § 1320a–7b(f) (anti-kickback statute applies only to renumerations or inducements for an item for which payment may have been made (in whole or in part) by a *federal health care benefit program*). Medicare operates under strict rules that differ from commercial insurers. One key difference is that by regulation, Medicare can only reimburse for a medically accepted indication, not for other conditions that may be addressed by a physician's off-label use. *See* 42 CFR § 423.100 (defining Part D drugs as those used for a medically accepted indication). Commercial insurance coverage of Subsys and coverage of off-label prescriptions is not relevant to this case.

11

At trial, the government will present testimony and evidence that Medicare Part D covers prescriptions only for their medically accepted indication, which for Subsys was breakthrough cancer pain. Although doctors can prescribe Subsys off-label, meaning for conditions other than for breakthrough cancer pain, Medicare Part D would not cover Subsys for any of these other conditions. Accordingly, any expert testimony regarding off-label prescribing is not only irrelevant to this case, but it may confuse the jury. This is another example of Defendant "detracting from relevant information about the conduct of the actual parties." *See Brooks*, 681 F.3d at 709. This Court should exclude Dr. Gharibo's proposed expert testimony on off-label prescriptions because it does not "assist the trier of fact," in deciding the issues of this case. *Frazier*, 387 F. 3d at 1260.

Further, the testimony should be excluded under Fed. Rule Evid. 403 because any probative value of Dr. Gharibo's testimony is substantially outweighed by the danger of confusion of the issues, misleading the jury, undue delay, and a waste of time. There is simply no need for a prolonged sideshow on off-label prescribing, and what an insurer could or would cover when this case is about what Medicare could and did cover.

## IV. Conclusion

For all of the foregoing reasons, the United States respectfully submits that its Motion *in Limine* to exclude the proffered testimony of Christopher Gharibo should be granted.

                    Respectfully submitted,

                    ROGER B. HANDBERG
                    United States Attorney

By:   */s/ Kelley C. Howard-Allen*
       Kelley C. Howard-Allen
       Assistant United States Attorney
       Florida Bar No.: 0085464
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       E-mail: Kelley.Howard@usdoj.gov

By:   */s/ Jennifer L. Peresie*
       Jennifer L. Peresie
       Assistant United States Attorney
       United States Attorney No. 120
       E-mail: Jennifer.Peresie@usdoj.gov

U.S. v. Chun et al.                                    Case No. 8:20-cr-120-WFJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark P. Rankin, Esquire
    Nicole Waid, Esquire
    Roger Futerman, Esquire
    Bjorn Brunvand, Esquire

    /s/ *Kelley C. Howard-Allen*
    Kelley C. Howard-Allen
    Assistant United States Attorney
    Florida Bar No. 0085464
    400 N. Tampa St., Ste. 3200
    Tampa, FL 33602-4798
    Telephone: (813) 274-6000
    E-mail: Kelley.Howard@usdoj.gov