UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-120-WFJ-JSS

STEVEN CHUN ET AL.

# UNITED STATES' SUPPLEMENT TO TRIAL BRIEF
# IN SUPPORT OF JURY INSTRUCTIONS

The United States files this supplement to the trial brief (Dkt. 197) in support of the Government's proposed jury instructions, which addressed the Government's proposed instructions for the charged kickback crimes. For the convenience of the Court and the parties, the Government has filed at Dkt. 200, a document that bolded and italicized the disputed portions of the Government's proposed instructions for the charged kickback crimes and the good-faith instruction.

The Government does not dispute that there is some evidence regarding Defendants' good faith. If the Court is inclined to give a good-faith instruction, it should give the Government's proposed instruction rather than the Defendants' proposed instruction, as the Defendants' instruction does not accurately state the law.

### A. A Separate Good Faith Instruction is Unnecessary

Under Eleventh Circuit law, a separate good faith instruction is unnecessary given that the Court will properly instruct the jury regarding "willfully" and

"knowingly." *See United States v. Hill*, 643 F.3d 807, 854 (11th Cir. 2011) (holding that where the instructions properly defined "willfully" the jury necessarily had to rule out the possibility that the defendants acted in good faith); *United States v. Jordan*, 582 F.3d 1239, 1248 (11th Cir. 2009) (holding that district court was not required to give defendant's proposed jury instruction concerning his good faith defense, since concepts of proposed good-faith instruction was "substantially included" in instruction that criminal act was required to be done "knowingly" or "willfully"); *United States v. Fernandez*, 553 F. App'x 927, 936 (11th Cir. 2014) ("We have held that a district court did not err when it refused to give an instruction about good faith, but instead instructed the jury about specific intent, because a jury finding of specific intent necessarily excluded a finding of good faith.").

  **B.**  **The Government's Proposed Good-Faith Instruction is a Proper Statement of the Law**

The Government's proposed instruction is similar to the good-faith instruction the district court gave in a kickback case, *United States v. Shah*, 1:18-cr-20526-UU (S.D. Fla. Jan. 14, 2019) (Dkt. 82) at 15, which the Eleventh Circuit found to be correct. *United States v. Shah*, 981 F.3d 920, 927 (11th Cir. 2020). It has one significant addition —the addition of "at least in part" to "in return for"— which the Defendants agree should be included in the substantive instructions, and thus should be included in the good-faith instruction as well. "At least in part" defines the illegal remuneration for offering and paying and receiving kickbacks. As such, it is an

essential part of a good-faith instruction, which relates to whether the Defendants knowingly and willfully committed the charged crimes.

### B. Defendant's Proposed Good Faith Instruction Misstates the Law

Defendants' proposed good faith instruction would instruct the jury to find good faith if the Defendants "believed that *the* reason" for the payments was the speaker fees and not in return for writing "prescribing *more Medicare*" prescriptions for Subsys. This misstates the law.

Defendants' instruction could be read by the jury to suggest that it is legal to bribe doctors to prescribe medications as long as the bribe covers all prescriptions and is not limited to Medicare prescriptions. That is not the law. The Anti-Kickback statute prohibits offering, paying, or receiving kickbacks or bribes "in return for purchasing, leasing, ordering, or arranging for or recommending purchasing, leasing, or ordering any good, facility or service, or item for which payment *may be made in whole or in part* under a Federal health care program." 42 U.S.C. § 1320a-7b(b). The law does not criminalize kickback schemes that *only* affect Federal health care programs such as Medicare. It criminalizes kickback schemes for which payment "may be made" under Federal health care programs, including Medicare. *Shah*, 981 F.3d 920 (11th Cir. 2020), is just one example of a conviction under the Anti-Kickback statute for a bribe to prescribe a medication. Of course to sustain a conviction, the evidence must include prescriptions covered by Medicare—as it does

in this case—but nowhere in the statute does it require that the scheme be limited to such prescriptions.

Moreover, the Defendants' instruction is inconsistent with the "at least in part" language in the substantive instructions, which, as detailed at Dkt. 197, is key to defining the illegal remuneration for offering and paying and receiving kickbacks. As such, it is an essential part of a good-faith instruction, which relates to whether the Defendants knowingly and willfully committed the charged crimes.

Defendants' instruction could be read by the jury to suggest that as long as the Defendants believed that the speaker fees were part of the reason for Defendant Tondre and Insys Therapeutics paying Defendant Chun then that establishes good faith. That is inconsistent with the clear law holding that the Anti-Kickback Statute requires that the United States prove that ***at least one purpose*** of the remuneration was to induce one of the enumerated activities (Dkt. 197 at 1-4), which language Defendants agreed to in the substantive instruction.

It is an incorrect and inappropriate explanation of the law to require the Government to prove that Defendants paid and received bribes specifically in return for "writing more Medicare prescriptions." Rather, the Government's proposed jury instructions on the substantive offenses and good faith cover more appropriately the required standard for "knowingly" and "willfully."

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Kelley C. Howard-Allen*
Kelley C. Howard-Allen
Assistant United States Attorney
Florida Bar No.: 0085464
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
E-mail: Kelley.Howard@usdoj.gov

U.S. v. Chun et al.                                              Case No. 8:20-cr-120-WFJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to defense counsel.

>  */s/ Kelley C. Howard-Allen*
>  Kelley C. Howard-Allen
>  Assistant United States Attorney
>  Florida Bar No.: 08564
>  400 N. Tampa St., Ste. 3200
>  Tampa, FL 33602-4798
>  Telephone: (813) 274-6000
>  E-mail: Kelley.Howard@usdoj.gov


>  */s/ Jennifer L. Peresie*
>  Jennifer L. Peresie
>  USA No. 120
>  E-mail: Jennifer.peresie@usdoj.gov