UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
    Plaintiff,

vs.

STEVEN CHUN and

DANIEL TONDRE

    Defendants.

CASE NO. 8:20-cr-120-T-WFJ-JSS

_____/

# DEFENDANT STEVEN CHUN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 12 AND 16 PURSUANT RULE 29

The Court's question is whether it was foreseeable to Dr. Chun that Dan Tondre would create and submit these two specific false speaker event sign-in sheets. The Court and government noted two possible theories as to how Dan Tondre's alleged forgeries could be foreseeable to Dr. Chun. Neither holds water.

First, it was suggested Dr. Chun could foresee Dan Tondre forging sign-in sheets because Dr. Chun signed himself in when he served as a speaker and was aware that attendees signed in as well. However, there is no evidence to suggest that Dr. Chun had reason to suspect or believe Dan Tondre was creating false sign-in sheets for people who were not present. There has been no evidence that Dr. Chun knew about those actions, talked to Mr. Tondre about those actions, witnessed those actions, or even knew what was done with those sign-in sheets

1

upon collection at the event. There has been no evidence suggesting that Dr. Chun was aware that the sign-in sheets were anything but a record of who had attended.

Second, it was suggested Dr. Chun could foresee Dan Tondre forging sign-in sheets because Dr. Chun allegedly filled out sign-in sheets for his own employees, Mandi Nehring and Stephen Plummer.[1] As explained in footnote 1, the Court should not use the Stephen Plummer sign-in sheets as evidence in support of this theory, for there is no evidence that Stephen Plummer was not at the events. Completing that information for his own employee when the employee was present would be neither inappropriate nor a crime. It would therefore not provide evidence that Dr. Chun could foresee Tondre forging names of those not there.

Thus, we are left with only the thin allegation regarding Mrs. Nehring's lone sign-in sheet and whether that one piece of paper triggers foreseeability in this instance. The evidence is – at best – inconsistent or ambiguous as to whether Dr. Chun had any personal involvement in the one Nehring sign-in sheet at issue. Mrs. Nehring's testimony was inconsistent, for she stated at trial that the signature on her sheet "looks similar" to Dr. Chun's – not that it was in fact Dr. Chun's usual

---

[1] During argument on this issue, the government incorrected stated that Dr. Chun is alleged to have signed for Mr. Plummer at events where he was not present. The only testimony at trial was Mrs. Nawaz's testimony that on a few sign-in sheets where it listed Stephen Plummer, it looked like Dr. Chun's signature or handwriting on parts of the form. Also Mr. Plummer's information did not always contain personal identification information, which is what would make it a crime – nor was there evidence that Dr. Chun even *knew* his state license number. In fact, the sign-in sheets appear to be in multiple people's writing – perhaps even Stephen Plummer's – with Dr. Chun's signature, as if to confirm that his employee was there for some or all the event. *See, e.g.*, Plummer Sign-In Sheet dated June 18, 2013 (Govt. Ex. 12-A, attached hereto as Ex. A). And Mrs. Nawaz also did not testify that Mr. Plummer was not in fact at those events, which would also be a required element of a criminal offense.

signature which she recognizes. Nehring Tr. 14:24-15:3 (attached hereto as Ex. B). Furthermore, the signature on the form looks nothing like any of Dr. Chun's valid signatures in evidence. *See, e.g.*, Govt. Ex. 50-A-1 and 75-A-1 (attached hereto as Ex. C and D). The Court can even compare the Nehring sheet at issue (Govt. Ex. 39-A-3, attached here to as Ex. E) to Dr. Chun's from the same event (Govt. Ex. 39-A-1, attached hereto as Ex. F). The signatures are not the same and the sheets are even in a different color ink. *See* Nehring Tr. at 56:13-58:11. With respect to the handwriting on the form, Mrs. Nehring testified *three times* at trial that she was "not sure" whether it was Dr. Chun's. Nehring Tr. at 55:25-56:2; 56:13-16; 57:12-14. Mrs. Nehring also never testified that the NPI information was in Dr. Chun's handwriting – and it is the NPI information that would make it a criminal offense.

This evidence is entirely too tenuous to trigger foreseeability of this crime, especially where there is contradictory testimony by Mr. Rosado and Mr. Tondre. Both witnesses testified that the sign-in sheets were solely their responsibility, they never saw Dr. Chun forge or alter names, and Dr. Chun was not involved in the "cut and paste" parties specifically designed to fabricate signatures. With this thin evidence, applying Pinkerton liability would violate Dr. Chun's due process rights.

Respectfully submitted,

*/s/ Mark P. Rankin*
Mark P. Rankin
The Law Office of Mark P. Rankin, P.A.
1410 N. Westshore Blvd., Ste. 200
Tampa, FL 33606-2209
Phone: 727-365-1751
Email: mark@rankinlawoffice.com

/s/ *Nicole Hughes Waid*
Nicole Hughes Waid
FisherBroyles LLP
Fla. Bar No. 0121720
2390 Tamiami Trail N., Ste 100
Naples, FL 34103
Phone: 202-906-9572
Email: nicole.waid@fisherbroyles.com

**Counsel for Defendant Steven Chun**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the AUSA of record and counsel for any co-defendants.

*/s/ Mark P. Rankin*

Mark P. Rankin